## C. AULTMAN & CO.
### v.
## GEORGE H. HUDDLESTUN ET AL.

*Fraudulent Conveyances—Creditor's Bill—Equitable Interest—Property Statement—Evidence.*

Upon a creditor's bill seeking to subject lands conveyed to the payment of certain judgments against the grantor, this court holds that such conveyance did not carry into effect any equities of the grantee therein, and that the same was made with fraudulent intent.

[Opinion filed November 1, 1889.]

IN ERROR to the Circuit Court of Jasper County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. GIBSON & JOHNSON, for plaintiffs in error.

Mr. G. M. HONEY, for defendants in error.

REEVES, P. J.   Plaintiffs in error recovered judgments against defendants in error, George H. Huddlestun and Alfred Adamson, upon which executions were issued and returned *nulla bona* by the sheriff, who states in his return that the defendants in the executions had scheduled and held their personal property.   Alias executions were issued and levied on the land described in bill, and a creditor's bill filed to subject the lands to the payment of the judgments.   Upon a hearing in the Circuit Court a decree was entered dismissing the bill.

The notes upon which these judgments were rendered were given June 15, 1886.   Defendant in error George H. Huddlestun, made a property statement at the time the notes were made, in substance, that he owned in fee simple seventy acres of land in section 13, township of Crooked Creek, Jasper county, worth $800.   He also stated that he owned personal property not incumbered by chattel mortgage or otherwise, worth over and above all his indebtedness, $230.   The record discloses that George H. Huddlestun owned at the time of making the notes sixty acres of land, which is sought to be reached by this bill, and also a tract on which he resided as a homestead.   On the 11th day of March, 1887, after one of the notes had become due, he conveyed the sixty-acre tract to his son, George W. Huddlestun.   Subsequently in the same year, George H. conveyed the homestead to his wife.   This last tract is shown to be worth less than $1,000.   It is not claimed that the son paid any consideration for the conveyance of the sixty-acre tract, but it is claimed that the land was bought in 1881 by the father for the son, who was a cripple, with a view of making a provision for his support.   It is also claimed that the father supposed that the deed made

when he bought the land, was made to the son, and the alleged mistake in making it to the father was not discovered for some two years after. It is also claimed that the son was put in possession of the land, and by his tenants held the land for four or five years before the filing of this bill. The son lived at home with his father, was twenty-four years old in February, 1889, and had been for some time engaged in teaching school. There was no house on the sixty acres, and the land was farmed by persons living on land in the neighborhood. Without going over the evidence in detail, we think the court erred in dismissing the bill. The record showed this sixty-acre tract in the father when the notes upon which the judgments were entered were given. Besides, the father made a property statement which could only be true upon the assumption that he owned this land. Upon the faith of this statement, he got the credit represented by the notes. There is not shown any equity in the son which the deed made to him in March, 1887, carried into effect. It is not shown that he ever expended a dollar on the land. The whole account given by the father and son, taken in connection with the fact that the father left himself nothing of the $1,030 worth of property which he represented himself the owner of, to meet these notes, leads very forcibly to the conclusion that the whole arrangement looked directly to the prevention of plaintiffs in error from collecting their debt.

The decree of the Circuit Court is reversed and the cause remanded with directions to enter a decree as prayed for in complainant's bill.

*Reversed and remanded with directions.*